NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2796
_____

KISANO TRADE & INVEST LIMITED; TRASTECO LIMITED; VADIM SHULMAN

v.

DEV LEMSTER; STEEL EQUIPMENT CORP; AKIVA SAPIR

AKIVA SAPIR,
Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-11-cv-0852)
District Judge: Honorable Arthur J. Schwab
_____

Argued November 1, 2012

Before: SLOVITER, AMBRO, and BARRY, Circuit Judges

(Opinion filed: November 27, 2012)

Larry K. Elliott, Esquire (Argued)
David F. Russey, Esquire
Fridrikh V. Shrayber, Esquire
Curt Vazquez, Esquire
Cohen & Grigsby
625 Liberty Avenue
Pittsburgh, PA   15222-3152

        Counsel for Appellant

1

Bruce S. Marks, Esquire (Argued)
Thomas C. Sullivan, Esquire
Marks & Sokolov LLC
1835 Market Street
28th Floor
Philadelphia, PA   19103-0000

      Counsel for Appellee

———————————

OPINION

———————————

AMBRO, <u>Circuit Judge</u>

Appellant Akiva Sapir appeals the District Court's order granting Appellee Vadim Shulman's motion for a preliminary injunction and enjoining Sapir from transferring funds he holds in two Swiss bank accounts and selling or encumbering an apartment he owns in Monaco.  Because we cannot conduct a meaningful review, we vacate and remand.

**I.**

As we write for the parties, we set forth only those facts necessary to our opinion. In an amended complaint filed in May of 2012, Shulman alleged that Sapir defrauded him of at least $6.5 million during a series of transactions between the two men, particularly a sale of steel equipment in 2001.  In June of 2012, Shulman filed a Motion for Expedited Relief seeking to enjoin Sapir from transferring funds from the aforementioned bank accounts and selling the apartment in order to prevent him from

2

dissipating assets prior to judgment. Shulman and Sapir each submitted affidavits before the District Court asserting opposing versions of the 2001 steel equipment sale and their relationship. Regarding the 2001 transaction, Shulman contends that Sapir misled him—with fraudulent documents—about the purchase price and financing of the equipment in order to obtain and keep the money Shulman paid in excess of the real purchase price and necessary financing. Sapir asserts that Shulman was aware of the purchase price and that he (Sapir) did not obtain money without Shulman's knowledge. Sapir also raised a number of legal challenges to Shulman's claims, including Shulman's standing to bring several claims.

The District Court held a hearing on June 21, 2012. Neither party sought to present additional evidence or live testimony. That day the Court issued a three-and-a-half page order concluding that the elements meriting a preliminary injunction had been met, and enjoined Sapir as to the two accounts and the Monaco apartment. Sapir timely filed this appeal.

## II.

The District Court had jurisdiction over this case pursuant to 28 U.S.C §§ 1331 and 1367. We have appellate jurisdiction to review an interlocutory injunction pursuant to 28 U.S.C. § 1292(a)(1). We generally review a district court's decision to grant or deny a preliminary injunction for abuse of discretion, but examine the findings of fact for clear error and evaluate the court's conclusions of law under a plenary standard. *New Jersey Retail Merchs. Ass'n v. Sidamon-Eristoff*, 669 F.3d 374, 385 (3d Cir. 2012).

3

Among other arguments, Sapir contends that the District Court erred by issuing the injunction without stating its factual findings and legal conclusions as required by Rule 52(a) of the Federal Rules of Civil Procedure. Shulman responds that Sapir waived this argument by failing to raise it in the District Court and that the record provides adequate support for the Court's Order.

**III.**

Rule 52(a)(1) provides that "[i]n an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1). A court "granting or refusing an interlocutory injunction" must "state the findings and conclusions that support its action." *Id.* 52(a)(2). In addition, when a court issues a preliminary injunction, Rule 65(d)(1)(A) requires it to "state the reasons why."

Compliance with Rule 52(a) is "of the highest importance to a proper review of the action of a court in granting or refusing a preliminary injunction," and is "obviously necessary to the intelligent and orderly presentation and proper disposition of an appeal." *Mayo v. Lakeland Highlands Canning Co.*, 309 U.S. 310, 316–17 (1940). For us to review a district court's findings, that court must do more than declare its conclusion; it must state the findings necessary to reach that conclusion. *O'Neill v. United States*, 411 F.2d 139, 146 (3d Cir. 1969). We may review the materials in the record to ascertain the basis of a district court's order, but we are not bound to do so. *Educational Testing Servs. v. Katzman*, 793 F.2d 533, 537 (3d Cir. 1986); 9C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2577, at 304 (3d ed. 2008).

4

Sapir does not contend that he raised this issue before the District Court. It is true that we have held that Rule 52(a) "does not differ from any of the other trial court errors which are waived when no objection is raised in the district court." *Danny Kresky Enters. Corp. v. Magid*, 716 F.2d 206, 215 (3d Cir. 1983). That case involved the appeal of a District Court's decision to continue a permanent injunction previously entered where "the defect complained of could have been readily corrected had the matter been called to the district court's attention." *Id.* at 214. More importantly, unlike in *Danny Kresky*, the record here fails to provide "a sufficient basis for us to fulfill our review function," as it allows for competing inferences we are not permitted to make in the first instance. *Id.* at 215.

Thus, "[w]hile a party may waive the compliance issue, we nonetheless must examine the findings to ascertain if they are adequate to explain sufficiently the basis for the injunction so that we can perform our review function." *Katzman*, 793 F.2d at 537 (citing *Professional Plan Exam'rs of N.J., Inc. v. Lefante*, 750 F.2d 282, 289 (3d Cir. 1984)). "[I]f the record does not provide a sufficient basis to ascertain the legal and factual grounds for issuing the injunction or if the findings are inadequate to explain the basis for that ruling or to permit meaningful review[,] the appellate court must vacate the injunction and remand to the district court for further findings." *Lefante*, 750 F.2d at 289 (quotation omitted).

The District Court's Order in this case is inadequate for us to engage in a meaningful review, and the record does not provide a clear explanation supporting the Court's order. Despite the contested facts and legal issues raised in Shulman's motion,

the District Court's Order granting the injunction contains no specific findings of facts or conclusions of law. It concludes without explanation that Shulman is likely to prevail on the merits, likely to suffer irreparable harm, and is entitled to an injunction protecting a possible future damage award. We need more than this in order to exercise our review function. Thus, we vacate and remand for further proceedings.